IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED ASSOC. OF THE PLUMBING and PIPE FITTING INDUSTRY of U.S. and CANADA, LOCAL NO. 360, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> EHRET PLUMBING AND HEATING CO., INC., <br><br> Defendant. | Case No. 13-cv-0541 MJR-DGW |

**ORDER COMPELLING AN ACCOUNTING**

REAGAN, District Judge:

      This is an action pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. 185, and Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. 1132.  The Court enjoys subject matter jurisdiction under the federal question statute, 28 U.S.C. 1331.  Plaintiffs are a labor union (Local 360 of the Plumbing and Pipefitting Industry), trust funds (employee benefit plans established under various written agreements and administered in this District), and the trustees of those funds.  Defendant Ehret is an employer (as defined in the LMRA and ERISA) "located within this judicial district" (Doc. 2, p. 4), and a party to various collective bargaining agreements (CBAs) with Local 360.

      The complaint alleges that Ehret has refused to submit fringe benefit contributions on behalf of employees for the period of February 2013 through May 2013 (Doc. 2, p. 5), as

required under applicable collective bargaining agreements and trust agreements. The complaint further alleges that those agreements authorize Plaintiffs to conduct a financial examination of Ehret's books and records to determine the exact amount owed by Ehret. The complaint requests an order requiring Ehret to submit to an audit of its records to determine the amounts owed to Plaintiffs, plus judgment (based upon the findings of the financial examination) for the delinquent contributions along with interest, liquidated damages, accounting fees, costs and reasonable attorney's fees under 29 U.S.C. 1132(g), and an order requiring Ehret to make payments in the future according to terms of the existing CBAs and those CBAs which may be negotiated in the future (Doc. 2, p. 5).

Plaintiffs served Ehret on July 18, 2013. An answer or other responsive pleading was due August 8, 2013. Ehret did not move, answer, or otherwise respond to the complaint by that date or since then. On August 9, 2013, Plaintiffs secured a clerk's entry of default against Ehret, pursuant to Federal Rule of Civil Procedure 55(a). Now before the Court is Plaintiffs' August 9, 2013 "Motion for Default Order to Compel an Accounting" (Doc. 11).

Having carefully reviewed the motion, supporting memorandum and proposed order, the Court concludes that an accounting is warranted, but the terminology of the motion and supporting brief is somewhat confusing. **The Court CONSTRUES Doc. 11 as a Motion to Compel Accounting (not a motion for "default").**

ERISA authorizes federal district courts to grant equitable relief, such as compelling an accounting, in actions for delinquent contributions. *See* **29 U.S.C. 1132(g)(2)(E).** The undersigned Judge need not rely on Federal Rule of Civil Procedure 55(b)(2) relating to default judgments to grant the requested relief.[1]

Accordingly, the Court **GRANTS** the motion (Doc. 11) and **ORDERS** Defendant Ehret to submit to a payroll audit. Specifically, Defendant Ehret shall provide Plaintiffs – no later than **September 16, 2013** – all payroll records and related documents needed to perform an audit for the period of January 1, 2012 to the present.[2]

IT IS SO ORDERED.

DATED August 16, 2013.

                                              s/ Michael J. Reagan
                                              Michael J. Reagan
                                              United States District Judge

---

[1] A hearing under Rule 55(b)(2) may be appropriate at a later date to "determine the amount of damages" supporting default judgment, but we are not yet at that stage in the instant case. No motion for default *judgment* has been filed yet; and it makes more sense to cross that bridge – only if necessary – after an accounting has revealed whether required contributions were made and, if not, how much is owed by Ehret.

[2] Apparently, Ehret's payroll records were last audited by accountants for the Local 360 Funds for the period ending December 31, 2011. This explains why an audit starting January 1, 2012 is needed. *See* Affidavit of Don Degonia, Local 360's Business Manager, Doc. 11-1, p. 3.